

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VIKAS GOEL and RAINFOREST TRADING
LTD.,

                Plaintiffs,

            -against-

ANUSH RAMACHANDRAN, BUNGE LTD. and
BUNGE S.A.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE OF REMOVAL**

'10   CIV   08916

JUDGE KARAS

      Pursuant to 9 U.S.C. §205(b), Defendant, ANUSH RAMACHANDRAN, by his attorneys, McCarthy Fingar LLP, and with the consent of defendants, Bunge Ltd. and Bunge S.A.[1], hereby files this Notice of Removal of an action currently pending in the Supreme Court of the State of New York, County of Westchester, and in support thereof, states that:

      1.    Anush Ramachandran desires to exercise his right under the provisions of Title 9 U.S.C. §205 to remove this action from the Supreme Court of the State of New York, County of Westchester, in which said cause is now pending under the same caption as above, under Westchester County Index No. 50017/10.

      2.    On or about September 28, 2010, Anush Ramachandran was served with a copy of the Summons and Complaint in the action and by stipulation dated October 21, 2010 his time to respond was extended to November 30, 2010. Exhibits A and B. Subsequently, on or about October 28, 2010 Bunge, Ltd. And Bunge, S.A. filed the annexed Request for Judicial Intervention, Statement Requesting Assignment to the Commercial Division, Notice of Motion

---

[1] Bunge, S.A. contends that the New York courts lack personal jurisdiction over it and has appeared for the limited purpose of contesting jurisdiction.

to dismiss, Affirmation of Jennifer L. Achilles, Affirmation of Carla Hess and supporting Memorandum of Law in connection with Bunge Ltd.'s and Bunge, S.A.'s motion to dismiss. Exhibits C through H, respectively. During a conference held before Hon. Alan D. Scheinkman, J.S.C. on November 5, 2010, plaintiffs were given the option of amending their pleading or proceeding on the motion to dismiss.  On November 18, 2010, plaintiffs served an Amended Complaint annexed hereto as Exhibit I.  On November 19, 2010, Judge Scheinkman entered an order disposing of Bunge's motion to dismiss the complaint as moot in light of plaintiffs' filing the Amended Complaint.  Exhibit J.  On November 19, 2010 Judge Scheinkman also established a scheduling order from the bench requiring motions in response to the Amended Complaint be filed by December 3, 2010. Exhibits A through J constitute all of the pleadings, orders and filings served on removing defendant, Anush Ramachandran, in connection with the action removed.

3.     Plaintiffs' complaint alleges a single claim against Anush Ramachandran of fraudulent inducement of plaintiffs into a Share Subscription Agreement, dated November 29, 2007 ("SSA"), between plaintiff Vikas Goel, a resident of Singapore, eSys Technologies Pte Ltd, a Singapore company ("eSys"), and Teledata Informatics Ltd., an Indian company ("Teledata (India)"), by which and among other things the parties agreed to establish a special purpose vehicle ("SPV"), later established as Rainforest Trading Limited, a British Virgin Islands company ("Rainforest"), to acquire Goel's equity shares in eSys representing 99.999% ownership in eSys, and in turn to issue shares to Goel and Teledata (India) in Rainforest.[2]

---

[2] One of the disputes between the parties is the efficacy of the Amended Complaint's alleged later issuance of shares in Rainforest to Goel, such that his claimed majority ownership interest in Rainforest and authority to assert any claim on Rainforest's behalf would itself be the subject of arbitration.

4.      Invoking this broad form arbitration clause, plaintiff Vikas Goel and the SPV established under the Share Subscription Agrement have on November 12, 2010 served a Notice of Arbitration under the SIAC Rules.  Exhibit K.

5.      The  Share Subscription Agreement between Goel and Teledata (India) contained the following arbitration provision:

> 5.12 **Dispute Resolution**
>
> (a)      Any dispute, whether contractual or not, arising out of or in connection with this Agreement (including any question regarding its existence, validity or termination) shall be referred to and finally resolved by arbitration in Singapore in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules")... .

Exhibit K, Annex 1.[3]

6.      Anush Ramachandran's sole connection to this dispute is that he is a United States resident employed by Teledata (India)'s affiliate, Teledata Informatics, Inc., a Delaware corporation having offices in the State of New York ("Teledata (US)"). Ramachandran is falsely alleged to dominate and control Teledata, purposely failing to distinguish between Teledata (India) and its know affiliates, including Teledata (US), so as to fabricate jurisdiction in the State of New York over the alleged fraudulent inducement of the plaintiff, Goel, to enter into the SSA. The SSA is, in fact, a commercial contract between a Singapore resident and company, and an Indian company. All disputes arising out of or in connection with the SSA, including its "existence, validity and termination" is subject to arbitration before a Singapore tribunal, the SIAC, to be held in and governed by the laws of Singapore.

---

[3] There is a dispute between the parties to the SSA as to the operative version of the agreement, however, there is no dispute that both versions contain the identical arbitration clause.

{00269775.DOC.}

7.      Putting aside the false nature of the claims and thinly veiled purpose of fabricating jurisdiction before the courts of New York to circumvent the arbitration clause in the SSA, the allegations made against Ramachandran in the Amended Complaint clearly arise out of and in connection with the SSA. In fact, the claims in the Amended Complaint are a virtual mirror image of the claims simultaneously made by Goel and Rainforest in the SIAC arbitration under the SSA's arbitration clause.

8.      The further allegations made in the Amended Complaint on which the jurisdiction of the New York Courts and the personal liability of Ramachandran are allegedly based are essentially that Ramachandran so dominates and controls "Teledata," that he is liable for Teledata's alleged actions in implementing the SSA. The Amended Complaint consistently refers to the conduct of Ramachandran and Teledata vaguely and without distinction between one or the other, as if they were one and the same. Plaintiffs allege that the actions of Ramachandran and Teledata (India) are collective or part of a single fraudulent scheme that supposedly induced Goel to enter into the SSA. Under the circumstances, plaintiffs are precluded from denying the disputes are subject to the arbitration clause of the SSA.

9.      The claims made by plaintiff in the Amended Complaint and in the Notice of Arbitration before SIAC arise out of and in connection with the identical transaction, i.e., the SSA. Ramachandran is closely and directly connected to Teledata (India) through his position with its affiliate, Teledata (US), and the supposed unified and fraudulent inducement of Goel to enter the SSA with Teledata (India). By any measure the parties and claims asserted are inextricably intertwined with the matters subject ot the arbitration clause and will be affected by the outcome of the arbitration already initiated by plaintiffs in Singapore under the terms of the SSA.

10.     Plaintiffs are estopped from denying the applicability of their arbitration agreement to the supposed dispute with Ramachandran. JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163 (2nd Cir. 2004); Astra Oil Co., Inc. v. Rover Navigation, Ltd., 344 F.3d 276 (2nd Cir. 2003); Chactaw Generation Ltd. v. Am. Home Assurance Co., 271 F.3d 404 (2nd Cir. 2001) and Smith/Enron Cogeneration Ltd. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88 (2nd Cir. 1999). See also, Gabriel Capital L.P. v. CAIB Investmentbank Aktiengesellshaft, 28 A.D.3d 376 (1st Dept. 2006).

11.     Moreover, the legal relationship created under the SSA is commercial under Title 9 U.S.C. §202, subject removal to the United States District Court within which the state court action is pending pursuant to Title 9 U.S.C. §205, and all proceedings in this action should be stayed pending a final award and determination of the currently pending SIAC arbitration pursuant to Title 9 U.S.C. §206.

12.     No trial of the removed action has been or is scheduled to be commenced as of the date of this Notice of Removal.

13.     Written notice of the filing of this Notice of Removal is being given to Plaintiffs, through their counsel, as required by law.  A true copy of this Notice of Removal is also being filed with the Clerk of the Supreme Court of New York, County of Westchester, as required by law.

**WHEREFORE,** defendant, Anush Ramachandran respectfully gives notice that the action brought by Vikas Goel and Rainforest Trading Ltd. now pending against him in the Supreme Court of the State of New York, County of Westchester, be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings as though this action had originally been filed and instituted in this Court.

Dated:   November 29, 2010

McCARTHY FINGAR LLP

By: _____
    Phillip C. Landrigan (PL-3023)

*Attorneys for Defendant*
*Anush Ramachandran*
11 Martine Avenue
White Plains, New York 10606-1934
(914) 946-3700